IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER L. BRINKMEIER, and TECNIMED SRL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 10-176-SLR ) |
| EXERGEN CORPORATION, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 3ᵈ day of January, 2011, having reviewed defendant's motion to transfer and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 11) is granted, as follows:

1. **Background.** On March 3, 2010, plaintiff Jennifer L. Brinkmeier ("Brinkmeier") brought this *qui tam* action against defendant Exergen Corporation ("Exergen") for its alleged violation of the false marking statute, 35 U.S.C. § 292, in connection with its marking of certain thermometers with expired patent numbers. (D.I. 1) On April 30, 2010, Brinkmeier and plaintiff Tecnimed SRI ("Tecnimed") filed an amended complaint against Exergen, alleging: (1) false patent marking, 35 U.S.C. § 292; (2) violations of the Lanham Act, 15 U.S.C. § 1125; and (3) violations of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531, et seq. (D.I. 3)  The amended complaint was served on Exergen on May 11, 2010.

2. On July 1, 2010, Exergen answered the complaint and moved to transfer the action to the United States District Court for the District of Massachusetts. (D.I. 10, 11)

Exergen asserts that transfer is appropriate because: (1) there is no tie between this action and Delaware; (2) the acts underlying the claims are primarily located in Massachusetts; (3) maintaining the action here (in a congested forum) will duplicate work that has been ongoing in related litigation pending in Massachusetts; and (4) the balance of factors considered by the Third Circuit in determining the propriety of transfer tilts toward Exergen. (D.I. 12)

3. **The parties.** Brinkmeier, a resident of Pennsylvania, is a consumer and purchaser of an Exergen product that allegedly contained false patent markings. (D.I. 17, ex. 3) Brinkmeier avers that she filed suit in Delaware because of the court's "extensive experience with patent law, efficient management of its docket, and close proximity to [her] Philadelphia [Pennsylvania] residence." (*Id.*)

4. Tecnimed is a corporation organized and existing under the laws of the Republic of Italy, with a place of business in Varese, Italy. (D.I. 3 at ¶ 2) Tecnimed manufactures thermometers (among other products) and is a direct competitor of Exergen. Tecnimed has sold its thermometers in Delaware through distributors, including American Scientific Resources, Inc ("American Scientific").[1] (D.I. 17, ex. 2) Tecnimed became a plaintiff in this action, in part, because it alleges that Exergen caused Tecnimed's products to no longer be sold in Delaware and this court "has expertise in patent and complex civil litigation cases." (*Id.* at 2)

5. Exergen, incorporated and based in the Commonwealth of Massachusetts, is a world leader in industrial and medical non-invasive temperature technology. (D.I. 3,

---

[1]Tecnimed's co-defendant in Massachusetts litigation.

2

10, 13) Exergen sells its products in Delaware and in numerous states throughout the United States. (D.I. 13) Exergen holds over 100 U.S. and foreign patents and claims to be the only manufacturer of retail medical thermometers in the United States. (D.I. 3, 10, 13) Exergen is the owner of the eight patents-in-suit, which all relate to thermometers.[2]

6. Exergen's offices and manufacturing facility are located in Watertown, Massachusetts. (D.I. 10) All files, documentation, technical materials, computers, and servers possessed by Exergen, are located in Massachusetts. Exergen's products are designed, developed and manufactured in Watertown, and all decisions regarding labeling and packaging are made there as well. Exergen owns no property in Delaware, but does sell its products in Delaware (one of its smallest markets). Exergen's patent prosecution counsel is located in Concord, Massachusetts, while trial counsel is located in Boston, Massachusetts. Litigating in Delaware would require Exergen to hire local counsel. Francesco Pompei, Ph.D., Exergen's founder and CEO, has an appointment at Harvard University as a Research Scholar of the Department of

---

[2] (1) United States Patent No. 4,636,091 ("the '091 patent"), issued January 13, 1987 and expired June 27, 2005; (2) U.S. Patent No. 5,012,813 ("the '813 patent"), issued May 7, 1991 and expired April 14, 2009; (3) U.S. Patent No. 5,199,436 ("the '436 patent"), issued April 6, 1993 and expired February 19, 2008; (4) U.S. Patent No. 5,653,238 ("the '238 patent"), issued August 5, 1997 and expired December 6, 2008; (5) U.S. Patent No. 6,047,205 ("the '205 patent"), issued April 4, 2000; (6) U.S. Patent No. 6,056,435 ("the '435 patent"), issued May 2, 2000; (7) U.S. Patent No. 6,299,347 ("the '347 patent"), issued October 9, 2001; and (8) U.S. Patent No. 6,499,877 ("the '877 patent"), issued December 12, 2002. (D.I. 16) The parties disagree on whether the '813 and '205 patents expired. (D.I. 10)

Physics and avers that Exergen has strong ties to Massachusetts based, in part, on its involvement with taking temperatures at the Boston Marathon. (D.I. 13 at ¶ 15)

7. **Massachusetts litigation.** On August 15, 2008, Exergen sued Tecnimed, Kidz-Med, Inc. and American Scientific for patent infringement in the United States District Court for the District of Massachusetts ("Massachusetts litigation"). (D.I. 14, ex. F) The Massachusetts litigation concerns, inter alia, four patents identical to those accused of false marking in the case at bar. (D.I. 18) On July 14, 2010, the court held a claim construction hearing and, subsequently, took the matter under advisement.

8. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni*, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

9. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail."[3] *ADE Corp.*

---

[3]Both sides have presented non-binding precedent from courts examining transfer motions in false marking qui tam cases: (1) *Hollander v. Etymotic Research, Inc.*, ___ F. Supp.2d ___, 2010 WL 2813015 (E.D. Pa. July 14, 2010) (defendant's motion to transfer denied); and (2) v. *San Francisco Tech., Inc. v. Glad Prods. Co.*,

v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); Shutte, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

10. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," Id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of

---

2010 WL 2943537 (N.D. Cal. July 26, 2010) (defendants' motion to transfer granted).

books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations omitted).

11. **Analysis.** Considering this record in light of the aforementioned authority, the court finds that Exergen has met its burden to warrant transfer. Significantly, the Massachusetts litigation involves the same subject matter and four patents, although it is not a related first-filed action.[4] Further, Exergen is not a Delaware corporation and Delaware represents a very small market for Exergen's products.

12. Given electronic discovery, electronic means for recording depositions, and the fact that trials go forward in less than 20% of all cases, Exergen's arguments related to convenience are not compelling. Nevertheless, with related litigation pending in Massachusetts and with Massachusetts being Exergen's "hometurf," the record demonstrates that Massachusetts is the more appropriate trial forum for this case.

_____
United States District Judge

---

[4] There are additional claims, defendants and issues pending in Massachusetts.